UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 22 2026

Nathan Ochsner, Clerk of Court

LaTisha L. Gaye,

Plaintiff,


v.


HARRIS COUNTY, TEXAS,

Defendant.


Civil Action No. _____


COMPLAINT AND DEMAND FOR JURY TRIAL


Plaintiff LaTisha L. Gaye ("Plaintiff"), proceeding pro se, files this Complaint against Defendant Harris County, Texas ("Defendant"), and alleges as follows:


---


I. JURISDICTION AND VENUE


1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981.


2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.


3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the unlawful employment

practices occurred in Harris County, Texas.

---

## II. PARTIES

4. Plaintiff LaTisha L. Gaye is an individual residing in Harris County, Texas.

5. Defendant Harris County, Texas is a governmental entity and employer within the meaning of Title VII.

6. Plaintiff was employed by Harris County through its Public Health Department.

---

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 460-2026-04543.

8. The EEOC issued Plaintiff a Notice of Right to Sue dated April 9, 2026.

9. This lawsuit is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

---

## IV. FACTUAL ALLEGATIONS

10. Plaintiff began employment with Defendant on April 10, 2023 in Harris County Community

Services, and transferred departments to a new role in Public Health on August 12, 2024.

11. Plaintiff was employed as a Homeless Cohort Manager.

12. Plaintiff performed her job duties satisfactorily.

13. On or about April 17, 2025, Defendant announced an organizational restructure during a department meeting. Shortly after the announcement, during a managers' meeting, one manager became visibly emotional and asked why managers had not received advance notice of the restructure, explaining that she was a single mother with financial obligations. In response, Director Jamie Hughes stated, "Consider this a professional growing experience." Plaintiff found this response dismissive and inappropriate given the concerns expressed by affected employees. This incident contributed to Plaintiff's decision to formally document workplace concerns and submit a grievance complaint regarding management conduct and workplace treatment.

14. On April 25, 2025, Plaintiff filed an internal grievance reporting discrimination and retaliation.

15. On July 24, 2025, Plaintiff filed an additional grievance with central Human Resources.

16. The grievances were transferred to central Human Resources for investigation.

17 The investigation remained active during Plaintiff's termination and concluded in October 2025.

18. Defendant initiated a restructuring requiring Plaintiff to reapply for her position.

19. Plaintiff participated in multiple interviews.

20. Individuals named in Plaintiff's grievances participated in the interview process.

21. Plaintiff was not advanced to the final round of interviews.

22. On July 25, 2025, Plaintiff was terminated.

23 .After Plaintiff's termination, Defendant continued interviewing candidates.

24. On September 29, 2025, Defendant hired a replacement manager.

25. The replacement position titled "Cohort Manager" performed substantially similar duties.

26. Plaintiff discovered this hiring decision on October 1, 2025.

27. Plaintiff believes the failure to select her and subsequent hiring of a replacement were retaliatory.

---

V. CLAIMS FOR RELIEF

COUNT I — RETALIATION (Title VII)

28. Plaintiff incorporates all preceding paragraphs.

29. Plaintiff engaged in protected activity.

30. Defendant was aware of Plaintiff's protected activity.

31. Defendant subjected Plaintiff to adverse employment actions.

32. Defendant's conduct constitutes unlawful retaliation.

---

## COUNT II — RETALIATION (42 U.S.C. §1981)

33. Plaintiff incorporates all preceding paragraphs.

34. Defendant retaliated against Plaintiff.

---

## COUNT III — HOSTILE WORK ENVIRONMENT

35. Plaintiff incorporates all preceding paragraphs.

36. Plaintiff experienced hostile and inappropriate conduct.

---

## COUNT IV — FAILURE TO REHIRE / NON-SELECTION

37. Plaintiff incorporates all preceding paragraphs.

38. Defendant failed to select Plaintiff and hired a replacement.

---

## VI. DAMAGES

**39. Plaintiff suffered damages including:**

**a. Lost wages**

**b. Loss of employment benefits**

**c. Emotional distress**

**d. Loss of future earnings**

**e. Litigation costs**

**f. All relief permitted by law**

---

**VII. JURY DEMAND**

**Plaintiff demands trial by jury.**

---

**Respectfully submitted,**

**LaTisha L. Gaye**

**Pro Se Plaintiff**

**4602 Countrypines Dr.**

**Spring, TX 77388**

**Phone: 281-636-2890**

**Date: __April 22, 2026_____**

**Signature: _____**